# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH W. THRASHER, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-CV-780-GKF-PJC ) |
| WINDSOR QUALITY FOOD COMPANY LTD d/b/a Windsor Quality Food Company, Limited Partnership, a Texas limited partnership, | ) ) ) ) ) |
| DELPHA PITTS, an individual,[1] | ) ) |
| WQFCGP, LLC, a Texas company, | ) ) |
| WINDSOR QUALITY HOLDINGS, LP, a Texas partnership, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the Motion to Remand [Dkt. #16] filed by plaintiff Kenneth W. Thrasher ("Thrasher"). Defendants Windsor Quality Food Company, Ltd., d/b/a Windsor Quality Food Company; WQFCGP, LLC; and Windsor Quality Holdings, LP oppose the motion.

### Background and Procedural History

Thrasher filed a lawsuit against all defendants except WQFCGP, LLC, on September 29, 2008, in Tulsa County District Court, Case No. CJ-2008-6830, alleging retaliatory discharge under the Oklahoma Workers' Compensation Act. [Dkt. #16, Ex. 2, Petition]. He sought damages "in excess of $10,000." [*Id.* at 4]. At the time of the filing, none of the requirements for

---
[1] Defendant Delpha Pitts was named as a defendant but was dismissed from the action on December 10, 2013.

diversity jurisdiction were satisfied.  [*Id*]. On May 6, 2009, Thrasher filed an Amended Petition in which he added WQFCGP, LLC as a defendant and included an identical request for damages. [Dkt. #16, Ex. 3, Amended Petition].  Delpha Pitts, the sole Oklahoma defendant, filed a motion to dismiss, which the court granted on September 2, 2009.  [Dkt. #17, Ex. 1, Docket Sheet for CJ-2008-6830; Dkt. #16, Ex. 4, Notice of Hearing].  On January 19, 2012, Thrasher filed a Dismissal Without Prejudice under 12 Okla. Stat. §§ 683, 684.  [Dkt. #17, Ex. 2].

On January 18, 2013, Thrasher filed a new action in Tulsa County District Court, Case No. CJ-2013-321, again alleging retaliatory discharge under the Oklahoma Workers' Compensation Act. [Dkt. #9 at 12-17, Notice of Removal].  He brought the lawsuit against all defendants in the previous suit, including Pitts, and sought damages "in [an] amount well in excess of $10,000.00, together with reinstatement or front pay, interest, costs, and attorney fees[.]" [*Id.* at 16].  Defendants' counsel entered an appearance for defendants and filed an answer for the company defendants on July 15, 2013. [Dkt. #2 at 18-26].  Pitts again filed a motion to dismiss, which the court granted on September 16, 2013.  [Dkt. #9 at 10, Docket Sheet for CJ-2013-321].

Pursuant to the requirements set out in 12 Okla. Stat. § 2008(A)(2),[2] defendants requested that Thrasher clarify the amount of damages he was seeking.  Thrasher filed a Motion to Amend Petition to Clarify Amount of Damages on November 5, 2013, which the court granted on November 8, 2013.  [Dkt. #9 at 152-54, 158].  On November 18, 2013, Thrasher filed his First Amended Petition, in which he sought damages in excess of $75,000.  [Dkt. #9 at 175-80, First

---

[2] 12 Okla. Stat. § 2008(A)(2) requires that every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction" under 28 U.S.C. § 1332.

Amended Petition].  On December 5, 2013, Windsor Quality Food Company filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b).  [Dkt. ##2, 9].

Thrasher, citing 28 U.S.C. § 1446(c)(1), contends the case must be remanded because defendants failed to remove the action within one year of the time the *original* case was filed.

## I. Applicable Standard of Review

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *cert. granted* 544 U.S. 998 (2005), *aff'd* 546 U.S. 132 (2005).  As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present.  *Id.* (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)).

## II. Discussion

Under 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  However, 28 U.S.C. § 1446(c)(1) imposes an outside limit of one year from "commencement of the action" for removal of cases under § 1146(b)(3) "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

"Commencement of an action" is defined both under the Federal Rules of Civil Procedure and state statute as the date when the action is filed.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); 12 Okla. Stat. § 2003 ("A civil action is commenced by filing a petition with the court.").

### A. State Law Treatment of Refiled Actions

In support of his position that the one-year limitation period began to run on the date the first lawsuit became removable, plaintiff Thrasher relies on the Oklahoma savings statute, which provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

12 Okla. Stat. § 100.  Courts applying the savings statute have held that "[a] lawsuit timely filed when brought but later dismissed on grounds unrelated to the merits of the controversy falls within the ameliorative relief affordable under the terms of . . . § 100" and "[t]he refiling, if effected in conformity to the terms of § 100, relates the time of the action's commencement back to the date the petition was brought originally." *Specific Sys. of Tulsa v. Am. Bank & Trust Co.*, 51 P.3d 1228 (Okla. Civ. App. 2002) (quoting *In re Speake*, 743 P.2d 648, 650 (Okla. 1987)).   The issue here, however, is *not* whether the second action was timely filed under the savings statute, but whether it was timely *removed* under 28 U.S.C. § 1446.  To the extent Oklahoma law is relevant to this inquiry, the pertinent question is whether it treats actions refiled under the savings statute as *new* actions or as a continuation of the *prior* actions.  The answer, clearly, is that once a case is dismissed without prejudice, any refiled action is considered a separate new action rather than a continuation of the previous lawsuit.

In *Wiley v. Elec., Inc.*, 760 P.2d 182, 183 (Okla. 1988), the Oklahoma Supreme Court addressed the following questions:  (1) "whether 12 O.S. 1981 § 100 requires that a second action, rather than a petition in the original case, be filed to avail a party of the savings clause providing that a new action may be filed within one year of dismissal otherwise than on the merits

of any timely-filed action" and (2) "whether filing an amended petition is sufficient to avail a party of the savings provisions of . . . § 100." The court found that: "(1) a new suit, rather than a petition in the action voluntarily dismissed, must be filed in order to avail a party of the savings provision of 12. O.S. 1981 § 100; and (2) that an amended petition is insufficient to avail a party of the savings provisions of 12 O.S. 1981 § 100 where no petition is pending which would be subject to amendment." *Id.* In so finding, the court stated:

> Once a voluntary dismissal has been entered, the trial court is without further jurisdiction in the case. Were we to hold that the filing of a new petition in a previously dismissed case was sufficient to avail a party of the savings provision of § 100, we would be creating an unnecessary conflict between the savings clause which calls for the filing of a "new action" and a § 684 dismissal which has been held to eliminate the trial court's jurisdiction.
>
> In addition, a holding that a new petition filed in the original cause previously dismissed is sufficient under § 100 to extend the timeframe within which an action may be brought would contravene the plainly expressed mandate of § 100 that it is a "new action" which must be filed. Where the legislative intent has been plainly expressed, no room exists for construction.

*Id.* at 186.

### B. Federal Court Treatment of Refiled Cases

In *Beebe v. Flores*, 2012 WL 112330 (W.D. Okla. Jan. 12, 2012), plaintiff filed a negligence action in state court on October 30, 2009. The case was dismissed without prejudice for failure to prosecute on August 5, 2011, and refiled in the same court on October 25, 2011. Defendants removed the refiled action to federal court on November 21, 2011 based on diversity jurisdiction. Plaintiff moved to remand the case to state court, arguing removal was untimely because more than a year had elapsed between filing of the original action and removal of the refiled case. The court denied the motion, stating:

> While there is no controlling authority on point, the courts which have addressed this issue uniformly agree that when an action is dismissed without prejudice— even when voluntarily so by the plaintiff—and subsequently re-filed, a new

"action" is commenced for purposes of removal. *E.g. Jones v. Gen. Elec. Capitol Corp.*, 277 F.Supp.2d 651, 653 (S.D. Miss. 2003); *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377, 1378 (E.D. Mo. 1990); *cf. Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (noting that when a federal district court dismisses a diversity action without prejudice so the plaintiff can re-file in state court against non-diverse defendants, the diverse defendant would have the ability to remove the new action back to federal court if the non-diverse defendants were fraudulently joined). Thus, the court analyzes the timeliness of removal from the perspective of the second petition.

*Id.* at *1.

The court's ruling in *Beebe* is consistent with authority from other federal courts around the country. *See Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 247 (S.D. Fla. 1982) (finding that when plaintiff voluntarily dismissed his earlier-filed product liability suit, he terminated litigation instantaneously, and when he commenced a second action, it was a wholly new action and was properly removed); *Price v. Food Lion, Inc.*, 768 F. Supp. 181 (E.D. Va. 1991) (holding that under Virginia state law plaintiff, by nonsuiting first premises liability lawsuit and refiling the action, had begun a new proceeding, and the one-year date for removal ran from the date the second action was filed); *Ginn v. Stegall*, 132 F.R.D. 166, 168 (E.D. Va. 1990) (defendant's removal of refiled lawsuit within the one-year period prescribed by 28 U.S.C. § 1446(b) was timely; the earlier lawsuit, which had been nonsuited, was "irrelevant to the petition for removal filed in the instant case"); *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377 (E.D. Mo. 1990) (rejecting plaintiff's argument that the refiled action was a continuation of the original action, stating, "The Court regards plaintiff's original petition as though it were never filed," and "[t]herefore, the Court does not view the refiled petition as a continuation of the original petition although the factual allegations in the two petitions are almost identical"); *Marquette v. Matra Transport, S.A.*, 1997 WL 222933, at *3 (N.D. Ill. May 1, 1997) (citing *Chott*, and holding that "plaintiffs created a new 'action' within the meaning of 28 U.S.C. § 1446(b)" when they

dismissed their first case and refiled a second case against defendant); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1069 (3d Cir. 1987) (plaintiff's voluntary dismissal of state court petition to compel arbitration and appoint an arbitrator and subsequent filing of state court action for bad faith failure to arbitrate restarted the 30-day period for removal under 28 U.S.C. § 1446(b)); *Berbig v. Sears Roebuck and Co., Inc.*, 568 F. Supp. 2d 1033, 1037-38 (D. Minn. 2008) (where plaintiff's original action filed in state court in Illinois was dismissed on the ground of *forum non conveniens*, he refiled action in state court in Minnesota and defendants removed the case to federal court, the one-year period for removal ran from the date the case was refiled in Minnesota).

*Bush v. State Farm Fire & Cas. Co.*, 2013 WL 3755776 (W.D. Mo. July 16, 2013)—which plaintiff cites in support of his position—is inapposite. In *Bush,* Kenneth Smith obtained a judgment in excess of $2.2 million against Austin Bush in state court in February 2011. *Id.*, at *1. On August 1, 2011, Smith filed an equitable garnishment action in state court against Bush and his insurer, State Farm. *Id.* Complete diversity was lacking at the time, because both Bush and Smith were Missouri citizens. In April 2013, State Farm settled with Smith, but not Bush. Bush was permitted to amend his pleadings to file a cross-claim against State Farm for bad faith failure to settle the Smith suit sooner. *Id.* State Farm removed the case to federal court. *Id.* Bush filed a motion to remand pursuant to 28 U.S.C. § 1446(c)(1), asserting removal occurred more than one year after the August 2011 action was filed. *Id.* State Farm argued the court should regard Bush's cross-claim as a separate lawsuit from the August 2011 action. *Id.*, at *2. The court disagreed, stating:

> First, the suit was not concluded, and in form was no different than if Bush had asserted his cross-claim on August 2, 2011. Had Bush asserted his cross claim then, and State Farm settled with Smith in April 2013 (as it did), there would be no contention that removal in 2013 would be permissible. Secondly, and

7

relatedly, there is no reason to view this as a different or new lawsuit if the Missouri state court—applying the governing principles of Missouri state law—deems it as a continuation of the suit Smith started in August 2011.

*Id.*  Thus, *Bush* did not involve removal of a refiled case, but rather removal of a cross-claim filed in the original garnishment action; and removal occurred more than a year after the garnishment action had been filed.

In keeping with the overwhelming weight of authority on this issue, the court finds that for purposes of § 1446, the one-year period began to run on January 18, 2013, the date Thrasher filed the second lawsuit.  The case was properly removed on December 5, 2013, within 30 days of the date Thrasher filed the First Amended Petition, stating an amount in controversy in excess of $75,000.

### III. Conclusion

For the reasons set forth above, plaintiff's Motion to Remand [Dkt. #16] is denied.

ENTERED this 18th day of April, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT