# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH W. THRASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-780-GKF-PJC |
| | ) |
| WINDSOR QUALITY FOOD COMPANY LTD., *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the court is the Motion to Delay Front-Pay Experts Until After Verdict [Dkt. #23] filed by plaintiff Kenneth W. Thrasher ("Thrasher").

Thrasher sued defendants in Tulsa County District Court, Case No. CJ-2013-321, alleging retaliatory discharge under the Oklahoma Workers' Compensation Act. The case was removed to federal court on December 5, 2013, after Thrasher filed an amended petition asserting damages in excess of $75,000. [Dkt. #2].

Thrasher seeks back pay, front pay and punitive damages. The Scheduling Order in this case required Thrasher to identify experts by July 1, 2014. [Dkt. #21]. In the pending motion, filed after that deadline, on July 2, 2014, Thrasher advises that he anticipates designating an expert witness on the issue of front pay, but he asserts that front pay is generally considered an equitable award within the discretion of the court and not the jury. [Dkt. #23 at 1-2]. He asks the court to delay designation of front pay experts until after a verdict, citing decisions in federal antidiscrimination cases from the U.S. District Court for the Western District of Oklahoma. *See*

*Broome v. Cooper Cameron Corp.*, CIV-07-1084-L (Dkt. #28, November 5, 2008) (Age Discrimination in Employment Act ("ADEA")); *Chambers v. Blumenthal Mfg. Co.*, CIV-07-1222-C (Dkt. #18, December 2, 2008) (ADEA); *Jester v. Sonic Corp.*, CIV-07-1092 (Dkt. #33, December 16, 2008) (Family and Medical Leave Act ("FMLA")). In those cases, the court ruled that plaintiffs' claims for front pay would be determined by the court rather than the jury. Thrasher argues deferral of the issue until after jury trial would best serve the interests of judicial economy.

In response, defendants questioned whether federal antidiscrimination law principles concerning the equitable nature of front pay would be applied to plaintiff's Oklahoma workers' compensation retaliatory discharge claim, and suggested the issue might be one for the jury rather than the judge. [Dkt. #24 at 3]. However, they stated they would have no objection to the motion provided Thrasher is required to adhere to his obligations for providing a computation of front pay damages under Fed. R. Civ. P. 26(a)(1)(A)(iii). [*Id.* at 3].[1] They asserted the computation of damages should include "at a minimum an estimate or range of front pay damages to which the Plaintiff claims he is entitled." [*Id.*]. Thrasher filed no reply.

Subsequently, defendants filed a Motion to Compel Initial Disclosures Related to Plaintiff's Damage Computation and Brief in Support [Dkt. #25]. In that motion, they asked the court to order Thrasher to provide computations regarding his claim for damages related to emotional distress, punitive damages and front pay. Plaintiff objected to the motion in its entirety and, with respect to the front pay issue, incorporated his arguments in the pending

---

[1] Rule 26(a)(1)(A)(iii) mandates that a party, without awaiting a discovery request, provide to the other parties:

> A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

motion. [Dkt. #26]. Magistrate Judge Paul J. Cleary denied the motion to compel with respect to front pay "since that issue is now before the District Court for resolution." [Dkt. #27 at 3].

The parties' discovery stalemate requires the court to determine whether Thrasher's front pay claim will be submitted to a jury or reserved for the court to determine following jury trial.

The court agrees with defendants that federal antidiscrimination law principles concerning the equitable nature of front pay would not necessarily apply to plaintiff's Oklahoma workers' compensation retaliatory discharge claim. Indeed, extant law suggests otherwise. In *Pettit v. Dolese Bros. Co.*, 943 P.2d 161, 166 (Okla. Civ. App. 1997), the court rejected the employer's argument that the issue of front pay should have been decided by the court rather than submitted to a jury, stating:

> There is no authority in Oklahoma to suggest that issues of prospective relief are solely for the trial court to decide because they are equitable in nature. Quite to the contrary, it seems that the question whether an employer is so hostile to a former employee, so far beyond what may result from the employee's discharge that the remedy of reinstatement is not appropriate, is more a matter for the jury to decide upon proper instruction after hearing the evidence which the discharged employee and the employer are allowed to place before them.
>
> * * *
>
> Since we have chosen not to read all of federal employment discrimination law into actions under the retaliatory discharge statute, we decline to overlay standards from federal age discrimination cases upon the jurisprudence [under the state statute creating a workers compensation retaliatory discharge claim].

In *Grimes v. Janesville Products*, 1994 WL 183547, at *3 (10th Cir. Apr. 15, 1997) (unpublished), where plaintiff sued his former employer for wrongful discharge in violation of the Oklahoma Workers' Compensation Act, the Tenth Circuit rejected the employer's argument that the trial court erred in submitting plaintiff's claim for front pay to the jury. In so ruling, it stated, "Absent a statutory direction, monetary damages are characteristic of actions at law and not of those in equity." *Id.* The court acknowledged that awards of front pay in federal

3

antidiscrimination claims under Title VII and the Age Discrimination in Employment Act ("ADEA") had been held to be equitable relief outside the province of the jury, but explained, "the characterization of that relief as equitable instead of legal stems from the statutes creating the causes of action." *Id.* (citing 42 U.S.C. § 2000e-5(g) ("the court may … order such affirmative action as may be appropriate … or any other equitable relief") and 29 U.S.C. § 626(c)(1) ("Any person aggrieved may bring a civil action … for such legal or equitable relief as will effectuate the purposes of this chapter")). It noted that in contrast, Oklahoma's Workers' Compensation Act contained no similar provision for equitable relief. *Id.*

The court concludes the front pay claim should be submitted to the jury. Accordingly, Thrasher's Motion to Delay Front-Pay Experts Until After Verdict [Dkt. #23] is denied.

ENTERED this 23rd day of September, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT